TUCKER, Judge:
This is an appeal from a judgment on a rule to exclude certain livestock from the inventory of the Succession of Green Vessel who died August 23, 1971, while living on the place of David Munson, Jr., and Lawrence C. Munson, in West Feliciana Parish, which they had inherited from their mother, Adell Munson.
Decedent Green Vessel had moved onto the Munson Place in approximately 1955 and lived with Adell Munson out of wedlock until her death in 1968. At the time that decedent moved onto' the Munson Place he took with him a herd of livestock of an indeterminate number. Adell Munson also had some livestock. At the time of Adell Munson’s death in 1968 her daughter sold certain cattle and chickens supposedly from Adell Munson’s separate herd, to pay her funeral expenses.
After Green Vessel’s death on August 23, 1971, his son James Vessel, appellee herein, claimed decedent’s estate and filed a petition to be appointed Provisional Administrator of it in accordance with the applicable provisions of the Code of Civil Procedure. Alleging that there was no means of paying funeral expenses except with the proceeds of the sale of property belonging to the succession, James Vessel asked for and received permission from the Court to sell the following:
28 cows
2 horses
6 hogs
2 turkeys
22 or 24 goats
1 1960 Chevrolet pickup truck
At the same time appellee asked that David Munson, Jr. and Lawrence C. Mun-son be enjoined from rounding up the aforementioned livestock and selling it. In due course appellee James Vessel sold the livestock in question and deposited the proceeds in the Commerce Bank and Trust Company of St. Francisville, Louisiana, in accordance with court orders. Subsequently certain court-ordered payments were made from this account.
The suit was tried on its merits and judgment was granted awarding all of the questioned assets to the subject succession, and rejecting all claims of ownership by the Munsons, who have appealed from that judgment, citing the following specifications of error:
1. That the court erred in restraining the Munsons from going upon their own land and having an opportunity to identify their property.
2. That the court erred in holding that there was a preponderance of evidence to prove that the animals which were under the care of or in the possession of Green Vessel at the time of his death and which were rounded up, gathered and sold after his death were entirely owned by Green Vessel to the total exclusion of any interest in appellants.
Any consideration or review of appellants’ first specification of error that the trial court improvidently issued the temporary restraining order would serve no useful purpose at this time. The property in question has now been adjudged as belonging to the subject succession. Therefore, there is no reason to delve into the legal propriety of the temporary restraining order, as a determination of this issue would be totally ineffectual, and the problem is now moot.
 Appellants, who were mere third parties to the Succession of Green Vessel bore the burden of proving their right to the property claimed by a preponderance of the evidence. This they have not done. *689 We find no manifest error in the ruling of the trial judge and adopt his reasons for judgment, in part, as follows:
“There are serious conflicts and lapses in testimony as to how many cattle Green Vessel moved to the Munson place and as to how many cattle Adell Munson owned at that time. There is testimony which indicates that after the death of Adell Munson, one of her children sold some (or all) of her cattle, with Lawrence Munson testifying that the proceeds were to be used to pay for his mother’s funeral.
The only witness for the movers, Lawrence Munson, admitted that Green Vessel had brought some cattle onto the Munson place but could not recall the number. Mr. Munson did guess that his mother, Adell Munson, owned 17 or 18 cattle at that time, but because of his tender age, was unable to remember precisely. He further testified that the cattle sold to pay for his mother’s funeral were not the total extent of her herd, but he has failed to convince this court that his mother owned any of the livestock sold by James Vessel as property of the succession of Green Vessel.”
Van Vessel testified that he helped Green Vessel to take care of his cattle and thus was familiar with the livestock in question. He further stated that the livestock sold by James Vessel were from the herd owned by Green Vessel. Louis Vessel testified that he has helped Green Vessel move his livestock to the Munson place and very often helped in the care of the livestock and that he recognized the disputed livestock as belonging to Green Vessel.”
Simply put, the appellants have failed to carry the burden of proving their case.
For the foregoing reasons the judgment of the trial court is affirmed at appellants’ costs.
Judgment affirmed.